FREDERICK W. NIEBLING v. WALTER LAIDLAW ET AL.

1. TRIAL COURT CANNOT REFORM VERDICT TO INCLUDE INTEREST OMITTED BY JURY.

A trial court, entering judgment, cannot, under R. S. 5199 (Gen. Code 11457), reform a verdict to include interest prayed for in the petition which the jury, in assessing the amount of recovery pursuant to R. S. 5203 (Gen. Code 11465), fails to include; but they should have been sent out again for further deliberation as provided by R. S. 5198 (Gen. Code 11456).

2. REVIEWING COURT MAY DEDUCT INTEREST IMPROPERLY INCLUDED IN JUDGMENT.

On review of a judgment improperly including interest, not included by the jury in its verdict, the appellate court may modify the judgment entered by deducting interest so added.

ERROR to common pleas court.

Action was brought for a balance of $639.45, due for services and expenses in connection with an arbitration. The jury returned a verdict for the amount claimed, but failed to compute interest thereon. In entering judgment on the verdict the court below added interest.

*Paxton, Warrington & Seasongood,* for plaintiff in error.

*Moulinier, Bettman & Hund,* for defendant in error.

## SMITH, J.

In view of our statutes relative to the correction of verdicts, we are inclined to the opinion that it was error of the trial court in rendering judgment for defendants in error to include in the judgment interest upon the verdict when the same was not returned by the jury in its verdict.

R. S. 5198 (Gen. Code 11456) provides that if the verdict is defective in matter of substance the jury must be sent out again for further deliberation.

R. S. 5199 (Gen. Code 11457) provides that if the verdict be defective in form only, it may, with assent of the jurors, before they are discharged, be corrected by the court.

Hamilton County.

R. S. 5203 (Gen. Code 11465) provides that when, by the verdict, either party is entitled to recover money of the adverse party, the jury, in its verdict, must assess the amount of recovery.

While it is true the petition asks for interest from a certain date, yet under the last section it was the duty of the jury to assess the amount of recovery if it found that the defendants in error were entitled to recover money from the plaintiff in error.

Besides, if there was a mistake in the amount assessed by the jury, and thereby the verdict was defective in matter of substance, then the jury should have been sent out again for further deliberation.

The verdict is not defective in form and on its face neither is it defective in substance, for the jury being the only one to assess the amount of recovery it might well find that the party should not be allowed interest.

In the case of *Fries* v. *Mack,* 33 Ohio St. 52, it is held that, "Where an issue of act is submitted to a jury and by their verdict they find for the plaintiff or defendant, such verdict is to be regarded as a finding upon the issue joined between the parties." In the case at bar the jury did so find assessing the amount due from plaintiff in error and it was the duty of the court in rendering judgment thereon to look alone to the verdict.

As it is stated in the case of *Claiborne* v. *Tanner,* 18 Tex. 68:

"There can be no clearer principle than that: 'Where a jury has intervened, and all the issues have been submitted to their decision, their verdict must constitute the basis of the judgment. The court can not look to the evidence on which the verdict is found, in order to determine what judgment to render, but must look alone to the verdict.' "

In view of the foregoing, therefore, the case having been fully heard and considered and the only error or mistake arising is in the entering of the judgment, the same is hereby modified to the extent of reducing said judgment to the amount found due in the verdict of the jury.

**Giffen** and **Swing, JJ.,** concur.